UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| **Courtney Calvert, Individually and as Parent and next friend of J.C., a minor** <br> **Plaintiffs,** <br><br> v. <br><br> **ABBOTT LABORATORIES INC.,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) **Case Number: 3:17-cv-00785-NJR-SCW** <br> ) **3:12-cv-00052-NJR-SCW** <br> ) **3:12-cv-00163-NJR-SCW** <br> ) <br> ) <br> ) |

**MOTION TO DISMISS WITHOUT PREJUDICE THE INDIVIDUAL CLAIMS OF COURTNEY CALVERT, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD J.C.**

Comes now the undersigned counsel of record, and hereby moves to dismiss without prejudice on behalf of the following individual Plaintiffs, and no others:

- Courtney Calvert, Individually and on behalf of her minor child, J.C.

1. Said complaint is against Defendant Abbott Laboratories, Inc. (hereinafter "Abbott" or "Defendant") relative to its sale and distribution and manufacturing of the drug Depakote and Depakote ER products (hereinafter "Depakote") in the United States, should be dismissed without prejudice.

2. J.C. was conceived in April 2006 and born on February 5, 2007. He was diagnosed at birth with fetal valproic acid syndrome and heart murmur with pulmonary stenosis. Subsequently he was diagnosed with Autism spectrum disorder with development delays requiring rehabilitation services. During the course of record retrieval and discovery an issue arose regarding methamphetamine use by Plaintiff. Plaintiff vehemently denies such use during pregnancy. Her family, including her parents, supports that testimony. Abbott disagrees claiming that the medical records prove use during pregnancy. Plaintiff has maintained that the records are ambiguous as to timeframe, and that given the prejudicial effect of the introduction of such

1

evidence, any reference to methamphetamine use should be excluded on FRE 403 grounds. Moreover, Plaintiff maintains that the science regarding the effect of methamphetamine use during pregnancy is in the developing stage and not sufficiently definitive to establish causation between methamphetamine use and J.C.'s injuries even if Plaintiff used methamphetamine during pregnancy, which she denies.

3. For example, in Methamphetamine Abuse in Women of Reproductive Age, one of the sources relied on by Abbott, the authors state:

> Case reports and retrospective analyses have suggested that maternal methamphetamine use *may be associated* with a possible increase of defects of the fetal central nervous system, cardiovascular system, gastrointestinal system, as well as oral cleft and limb defects. ***However, case-control and prospective studies have not confirmed these findings***. ***The Teratogen Information System database has assessed the risk of teratogenicity after exposure to amphetamines during pregnancy as unlikely based on fair to good data.***

American College of Obstetricians and Gynecologists Women's Health Care Physicians Committee Opinion Number 479 March 2011 Reaffirmed 2017 (citations omitted, emphasis added). That was the opinion of the American College of Obstetricians and Gynecologists in 2011 and is still their opinion now in 2017. Plaintiff believes that other studies relied on by Abbott reflect that the science is still in the "may be" stage. As expected Abbott disagrees. Again, because of the dispute in the evidence regarding methamphetamine use, the ambiguity of the medical records regarding same and the ambiguity of the science, Plaintiff asserted the introduction of methamphetamine into this case would be more prejudicial than probative.

4. In September 26, 2016, the parties deposed Dr. Geoffrey Arlt as part of EPDII. Subsequently, this case was selected by the Court to be prepared for trial and given a docket control order [Doc No. 803, Doc No. 913]. The case has not yet been assigned a trial date. Thereafter, Abbott took the depositions of Plaintiff, her mother, her father and the mother of

J.C.'s father. No other depositions have been taken in the case and no experts have been designated or deposed.

5. On or after July 19, 2017, a date after all of the forgoing depositions had been completed, and as Plaintiff continued to prepare for trial, a new record was brought to the attention of Plaintiff's counsel, which suggests a methamphetamine timeline. Counsel believes that the new record may make it more difficult to keep the disputed methamphetamine testimony from the jury, again causing prejudice to the Plaintiff unwarranted by the science and evidence. Given this situation Plaintiff has concluded that the best interest of J.C. requires that the science regarding methamphetamine use in pregnancy be given time to mature and that the truly causative effects of methamphetamine in pregnancy be either confirmed or negated before this 10 year old is unfairly deprived of his rights.

6. Given the foregoing Plaintiff has approached Abbott regarding a dismissal without prejudice consistent with the form that this Court has been utilizing, that is a dismissal without prejudice subject to the following two conditions:

> If Plaintiffs seek to reinitiate this legal action in connection with or involving in utero exposure to Depakote, the action must be filed in the United States District Court for the Southern District of Illinois; and (2) in the refiled action, the parties will make use of the discovery undertaken thus far to the greatest extent reasonably possible and shall strive not to duplicate in any subsequent action any discovery already undertaken as part of the Depakote proceedings consolidated under Case No. 12-CV-52.

Abbott has refused the stipulation on the grounds that depositions have been taken and Abbott wants to see what the Court is going to do in another case being prepared for trial before agreeing in this case.[1] Plaintiff has no information about the other case and assumes this Court will view each case on its particular merits.

---

[1] Interestingly, Abbott has agreed to dismissal in other similar circumstances where trial preparation has begun and depositions have been taken. Plaintiff is unable to discern the factual difference in this case. *See* 3:13-cv-00890 NJR-SCW Doc. No. 39.

3

7.     Plaintiff maintains that this case should be dismissed <u>without</u> prejudice for all of the foregoing reasons: the only doctor deposition taken was taken as part of the EPDs, not as part of trial preparation; experts have not been designated or deposed; the only depositions taken are of the Plaintiff and family members, all of these depositions will be available to Abbott in the unlikely event Plaintiff chooses to refile the case; if a case is refiled it will be in this Court subject to the terms imposed by the Court; the science Abbott will rely on to argue that the methamphetamine testimony is relevant has not matured to the point that it has absolute probative value; counsel for Plaintiff only recently learned of the new evidence regarding the methamphetamine; and the case is not set for trial.  Abbott is using this process as an opportunity to ultimately protect itself from a serious case based on disputed evidence, essentially asking this Court to grant it summary judgment on a motion to dismiss.  J.C. should have an opportunity to proceed at a later time if the relationship between methamphetamine and his injuries proves to be non-existent.

WHEREFORE, counsel respectfully requests this Honorable Court dismiss the afore-stated individual plaintiffs without prejudice subject to the Court's conditions for refiling. This motion does not prejudice defendants.

    Respectfully submitted,

    */s/ Sara J. Fendia*
Sara J. Fendia
Kenneth T. Fibich
Jay H. Henderson
FIBICH LEEBRON
COPELAND BRIGGS
1150 Bissonnet
Houston, Texas 77005
Telephone: (713) 751-0025
Facsimile: (713) 751-0030

4

        Christopher Cueto
        Bar No.:  06192248
        Michael Gras
        Bar No.:  06303414
        LAW OFFICE OF CHRISTOPHER CUETO, LTD.
        7110 West Main Street
        Belleville, Illinois  62223
        Telephone:  (618) 277-1554
      Facsimile:  (618) 277-0962
        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 15th day of August, 2017, served a copy of the above and foregoing motion upon all parties to this proceeding by means of the CM/ECF system, which will electronically distribute the pleading to named counsel for all parties.

        */s/ Sara J. Fendia*
        Sara J. Fendia